**Matthew Raymond LEWIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–05–00034–CR.

Court of Appeals of Texas,
San Antonio.

Dec. 28, 2005.

Discretionary Review Refused
May 24, 2006.

Matthew Raymond Lewis, Cuero, pro se.

Ronald L. Sutton, Dist. Atty., Junction, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, CATHERINE STONE, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by PHYLIS J. SPEEDLIN, Justice.

Matthew Raymond Lewis appeals the denial of his request for a court appointed attorney to assist him in filing a post-conviction motion for forensic DNA testing, and the denial of his motion for DNA testing. Because Lewis is unable to demonstrate reasonable grounds for filing his motion for DNA testing, we overrule his issues and affirm the trial court's order.

### BACKGROUND

In 2002, Lewis was indicted for the sexual assault of a minor under the age of 17, and, in a separate count, for aggravated sexual assault of a second minor under the age of 14. Lewis entered a plea of guilty to both counts and was sentenced by the trial court to incarceration in the Texas Department of Criminal Justice, Institutional Division, for a period of eleven years. Nineteen months later, on September 13, 2004, Lewis, acting *pro se*, filed a motion for DNA testing of evidence secured in relation to his conviction of sexual assault,[1] a sworn affidavit in support of the motion, a request for the appointment of an attorney, a declaration of inability to pay costs and an affidavit of indigence. Lewis requested that all the motions be set for a hearing.

The trial court asked for a response from the district attorney's office in Kerr County. Sergeant John Lavender, the evidence officer for the Kerr County Sheriff's

---

1. Lewis did not seek DNA testing as to his conviction of aggravated sexual assault on the second minor.

office, and Ronald L. Sutton, the district attorney for Kerr County, filed sworn affidavits which stated, "The evidence in the above-mentioned case was destroyed after the Defendant's plea of guilty to one count of sexual abuse of a child and one count of aggravated sexual assault of a child with two different victims and the appeal time limit had expired." Without holding a hearing, the trial court subsequently denied Lewis' motion for DNA testing, noting that Lewis entered a voluntary plea of guilty to the offenses and that there "was and is no issue of identity as required by Article 64 of the Texas Code of Criminal Procedure." The court further found, "based on the affidavit of John Lavender, evidence officer for the Kerr County Sheriff's Department, the evidence referenced in Defendant's motion no longer exists." Lewis filed a *pro se* appeal to this court.

## STANDARD OF REVIEW

We review the trial court's ruling on a post-conviction motion for forensic DNA testing under a bifurcated standard of review. *Whitaker v. State*, 160 S.W.3d 5, 8 (Tex.Crim.App.2004). We afford almost total deference to the "trial court's determination of issues of historical fact and application-of-law-to-fact issues that turn on credibility and demeanor, while we review *de novo* other application-of-law-to-fact issues." *Rivera v. State*, 89 S.W.3d 55, 59 (Tex.Crim.App.2002)

## DISCUSSION

■ In his first three issues, Lewis contends the trial court erred in denying his request for a court appointed attorney. To determine whether Lewis was entitled to appointed counsel to assist him in filing a post-conviction motion for DNA testing, we must examine the applicable statute. *See* TEX.CODE CRIM. PROC. ANN. art. 64.01(c) (Vernon Supp.2004–05). As originally

written in 2001, article 64.01(c) stated that a defendant was entitled to the appointment of counsel merely upon requesting counsel and establishing indigence. *See Winters v. The Presiding Judge of the Criminal District Court Number Three of Tarrant County*, 118 S.W.3d 773, 775 (Tex. Crim.App.2003) (holding that original version of article 64.01(c) did not require a "prima facie" showing that a defendant was entitled to DNA testing before right to counsel attached). The legislature, however, amended article 64.01(c) effective September 1, 2003 to read, in relevant part, as follows:

> The convicting court shall appoint counsel for the convicted person if the person informs the court that the person wishes to submit a motion under this chapter, **the court finds reasonable grounds for a motion to be filed,** and the court determines that the person is indigent.

TEX.CODE CRIM. PROC. ANN. art. 64.01(c) (emphasis added).

■ Because Lewis filed his motion for DNA testing after the effective date of the amendment, he had the additional burden of establishing "reasonable grounds for a motion to be filed" in order to qualify for appointed counsel. "Reasonable grounds" are not defined within the statute. Generally, in interpreting a statute, we give words their plain meaning unless the language is ambiguous or its plain meaning leads to an absurd result. *Rivera*, 89 S.W.3d at 58. Words and phrases are read in context and construed according to the rules of grammar and common usage. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Crim.App.1991). Here, the legislature specifically added an additional requirement in order for a defendant to qualify for appointed counsel. *See* TEX.CODE CRIM. PROC. ANN. art. 64.01(c). Yet, the amended statute requires only a showing of "reasonable grounds" for a motion to be

filed, not the establishment of a "prima facie" case.

In determining whether Lewis' motion sets forth reasonable grounds, we again examine the statute. Although anyone may request DNA testing, a court is required to order testing only if several statutory requirements are met. *See* TEX. CODE CRIM. PROC. ANN. art. 64.03(a) (Vernon Supp.2004–05); *see also Bell v. State*, 90 S.W.3d 301, 306 (Tex.Crim.App.2002). Two of those requirements are that the evidence "still exists" and that "identity was or is an issue in the case." TEX.CODE CRIM. PROC. ANN. art. 64.03(a)(1)(A)(i), (a)(1)(B). In its order denying Lewis' request for counsel, the trial court expressly found that Lewis failed to show both of these requirements.

◾ As to the first of the requirements addressed by the trial court, the statute requires that the evidence still exists, and is in a condition to make DNA testing possible, before the court may order testing. TEX.CODE CRIM. PROC. ANN. art. 64.03(a)(1)(A)(i). Affidavit testimony from a relevant witness that no biological evidence from the case is maintained or possessed is sufficient, absent any contrary evidence, to support denial of a motion for forensic DNA testing. *Shannon v. State*, 116 S.W.3d 52, 55 (Tex.Crim.App.2003). Such a determination may be made by the trial court without an evidentiary hearing. *Rivera*, 89 S.W.3d at 58–59. Here, the trial court had before it the affidavits of the evidence officer and district attorney stating that "[t]he evidence in the above-mentioned case was destroyed after the Defendant's plea of guilty … and the appeal time limit had expired." Therefore, on this record, the trial court could have reasonably concluded that the biological evidence referenced in Lewis' motion no longer exists.

◾ As to the second requirement that identity "was or is" an issue, we note that Lewis' affidavit in support of his motion for DNA testing asserts that such testing is warranted because the minor was "sexually active" with other males, "lied about her age," and "did not want any sexual assault charges filed in this incident." Nowhere in his motion or affidavit does Lewis deny that he had sexual intercourse with the minor. *See Morris v. State*, 110 S.W.3d 100, 103 (Tex.App.-Eastland 2003, pet. ref'd) (identity is not an issue when defendant admits he was with the victim at the time of alleged assault). Instead, Lewis contends that no assault occurred because the minor was sexually promiscuous, lied about her age, and did not want to file sexual assault charges. Even if true, however, none of these claims exonerate Lewis. Assuming the minor was sexually promiscuous with other males, "[t]he presence of another person's DNA at the crime scene will not, without more, constitute affirmative evidence of appellant's innocence." *Bell*, 90 S.W.3d at 306. Also, even assuming the minor lied about her age and did not want sexual assault charges filed in this incident, "[c]onsent is not an issue where the charged offense is sexual assault of a child because a victim under seventeen is legally incapable of consenting to the types of sexual relations described in the statute." *Reed v. State*, 991 S.W.2d 354, 361 (Tex. App.-Corpus Christi, 1999, pet. ref'd); *Jones v. State*, 789 S.W.2d 330, 332 (Tex. App.-Houston [14th Dist.] 1990, pet. ref'd). Moreover, Lewis confessed to the crime for which he was convicted; his identity was never an issue. *Bell*, 90 S.W.3d at 308. Accordingly, the trial court could have reasonably concluded that there was and is no issue of identity in this case. *See Green v. State*, 100 S.W.3d 344, 344–45 (Tex.App.-San Antonio 2002, pet. ref'd.);

*see also In re McBride,* 82 S.W.3d 395, 397 (Tex.App.-Austin 2002, no pet.).

Because Lewis' motion for post conviction DNA testing fails to meet two of the preconditions to obtaining DNA testing under Chapter 64, specifically that the evidence still exists and that identity is or was an issue in the case, it also fails to demonstrate "reasonable grounds for a motion to be filed." *See* TEX.CODE CRIM. PROC. ANN. art. 64.01(c). We conclude that Lewis was not entitled to appointed counsel under article 64.01(c). We overrule Lewis' first three points of error.

■ In his fourth issue, Lewis claims the State violated the Texas Code of Criminal Procedure when it failed to preserve the biological evidence from his case, or notify him by mail before destroying the evidence. TEX.CODE CRIM. PROC. ANN. art. 38.39 (Vernon 2005) (providing guidelines for preservation of evidence). Lewis seeks reversal of his original conviction on the basis that such violations deprived him of his constitutional rights to due process and equal protection of the law. In essence, Lewis seeks habeas corpus relief. The Code of Criminal Procedure does not authorize an appeal to a court of appeals for allegations that the State improperly destroyed DNA evidence; nor does a court of appeals have original jurisdiction to grant a writ of habeas corpus in criminal law matters. *See* TEX.CODE CRIM. PROC. ANN. art. 38.39; *see also* TEX. GOV'T CODE ANN. § 22.221 (Vernon 2004); *Chavez v. State* 132 S.W.3d 509, 510 (Tex.App.-Houston [1st Dist.] 2004, no pet.); *Johnston v. State,* 99 S.W.3d 698, 702–03 (Tex.App.-Texarkana 2003, pet. ref'd); *Watson v. State,* 96 S.W.3d 497, 500 (Tex.App.-Amarillo 2002, pet. ref'd). Accordingly, we have no jurisdiction to address Lewis' fourth issue.

■ In his fifth issue, Lewis complains that the trial court improperly denied his request for DNA testing based on his plea of guilty to the underlying charges. Lewis cites Chapter 64, which states in relevant part, "[a] convicted person who pleaded guilty or nolo contendere in the case may submit a motion under this chapter, and **the convicting court is prohibited from finding that identity was not an issue in the case solely on the basis of that plea.**" TEX.CODE CRIM. PROC. ANN. art. 64.03(b) (Vernon Supp.2004–05) (emphasis added). We disagree that the trial court improperly denied Lewis' motion. "Chapter 64 does not guarantee a person who pled guilty the right to DNA testing; it simply prohibits a convicting court from using a guilty plea to bar access to the filing of a motion for testing." *Bell,* 90 S.W.3d at 306-07. Here, Lewis was not barred from filing his motion for DNA testing. In addition, the trial court did not deny Lewis' motion solely on the basis of his plea. As previously discussed, the trial court reasonably found that Lewis' motion failed to meet two of the preconditions to obtaining post-conviction DNA testing under Chapter 64, specifically, that the evidence still exists and that identity is or was an issue in the case. Lewis' fifth issue is overruled.

### CONCLUSION

The trial court's order denying Lewis' motion for post-conviction forensic DNA testing pursuant to Chapter 64 is affirmed.