COURT
OF APPEALS

SECOND DISTRICT
OF TEXAS

FORT WORTH

 

 

NO. 2-06-101-CR

 

 

 

THOMAS RANDALL WOODALL                                              APPELLANT

 

                                                   V.

 

THE STATE
OF TEXAS                                                                STATE

 

------------

 

FROM THE 371ST
DISTRICT COURT OF TARRANT COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

 

Appellant Thomas Randall Woodall challenges the
trial court=s denial of his motion for DNA
testing.[2]   We will affirm.













Woodall=s
request for DNA testing sought Atesting
on biological materials related to [Woodall=s] case
that are currently in the possession of the State or the State=s
agents.@  The State responded that no evidence existed
that might contain biological material. 
Although the Arlington Police Department had previously possessed
evidence containing biological materialCa bloody
tennis shoe belonging to the victimCthat
evidence had been destroyed pursuant to article 38.43 because it would not
establish the identity of the assailant or exclude Woodall as a suspect.[3]  See Tex.
Code Crim. Proc. Ann. art. 38.43 (Vernon Supp. 2006).  The State argued that the DNA evidence had
been properly destroyed under article 38.43 and that, because any biological
evidence no longer existed, DNA testing was not authorized.  See Tex.
Code Crim. Proc. Ann. art. 64.03 (a) (Vernon 2006) (authorizing DNA
testing only if the court finds that Athe evidence
still exists and is in a condition making DNA testing possible@).  The trial court denied Woodall=s motion
for DNA testing and adopted the State=s
proposed findings of fact and conclusions of law.[4]  Woodall timely filed his notice of appeal,
and this appeal followed.  In a single
point, Woodall argues that we should remand this case to the trial court for
inquiry into the reasons why the tennis shoe was destroyed after Woodall had
requested testing. 

The trial court is required to order DNA testing
only if the statutory requirements of article 64.03 are met, that is, only if
(1) the evidence still exists and identity was or is an issue in the case; and
(2) the convicted person establishes by a preponderance of the evidence that
the person would not have been convicted if exculpatory results had been
obtained through DNA testing.  Id.;
Bell v. State, 90 S.W.3d 301, 306 (Tex. Crim. App. 2002).  If the evidence no longer exists or if
identity was not or is not still an issue in the case, then the trial court
cannot order DNA testing.  See Lewis
v. State, 191 S.W.3d 225, 228-29 (Tex. App.CSan
Antonio 2005, pet. ref=d). 








We employ a bifurcated standard of review when
reviewing a trial court=s  decision on a post-conviction motion for DNA
testing.  Whitaker v. State, 160
S.W.3d 5, 8 (Tex. Crim. App. 2004).  We
afford almost total deference to the trial court=s
determination of issues of historical fact and issues of
application-of-law-to-fact that turn on credibility and demeanor of
witnesses.  See Rivera v. State,
89 S.W.3d 55, 59 (Tex. Crim. App. 2002). 
But we review de novo other issues of application-of-law-to-fact
questions that do not turn on the credibility and demeanor of witnesses.  Id. 


Here, identity was not and still is not an issue
in the case and no DNA evidence existed any longer.  The State delivered to the trial court the
affidavit testimony of the property custodian for the Arlington Police
Department explaining that A[a]ll
evidence was destroyed@ and that A[n]o
biological material was taken in this case that was pertinent to the
identification of the defendant.@  See Tex.
Code Crim. Proc. Ann. art. 64.02(2)(A), (B).  That affidavit testimony, absent contrary
evidence, was sufficient to support the trial court=s denial
of Woodall=s motion for DNA testing.  See Shannon v. State, 116 S.W.3d 52,
55 (Tex. Crim. App. 2003).  Because
Woodall presented no contrary evidence on the existence of biological material,
on the issue of identity, or on the probability that testing such material
would tend to exculpate him from the underlying crime or change the outcome of
his trial, the trial court did not err by denying his motion for DNA testing.  See Lewis, 191 S.W.3d at 228-29; see
also Rivera, 89 S.W.3d at 61.








Woodall requests, however, that we remand this
case so the trial court may conduct an inquiry into the reason for the
Arlington Police Department=s
destruction of the evidence in his case. 
But the code of criminal procedure does not authorize an appeal to a
court of appeals on the ground that the State improperly destroyed DNA
evidence, nor does a court of appeals have original jurisdiction to grant a
writ of habeas corpus in criminal law matters. 
See Tex. Code Crim. Proc.
Ann. art. 38.43; Tex. Gov=t Code
Ann. ' 22.221 (Vernon Supp. 2006); Chavez
v. State, 132 S.W.3d 509, 510 (Tex. App.CHouston
[1st Dist.] 2004, no pet.) (holding that a complaint that the State improperly
destroyed DNA evidence is a request for habeas relief over which a court of
appeals has no jurisdiction); see also Lewis, 191 S.W.3d at 229.  Accordingly, we are without jurisdiction to
address whether the State properly destroyed DNA evidenceCthe
victim=s bloody
tennis shoeCthat it concluded was not
pertinent to the identity of the defendant. 
We therefore dismiss Woodall=s sole
point on appeal and affirm the trial court=s order
denying the motion for DNA testing.

 

 

SUE
WALKER

JUSTICE    

 

PANEL F: HOLMAN, GARDNER,
and WALKER, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED: January 18,
2007               











[1]See Tex. R. App. P. 47.4.





[2]A Tarrant County jury
convicted Woodall of aggravated assault with a deadly weapon, and we affirmed
that conviction on direct appeal.  See
Woodall v. State, 77 S.W.3d 388 (Tex. App.CFort Worth 2002, pet. ref=d).





[3]According to the facts
presented in the record of Woodall=s direct appeal, the victim was shot by Woodall
as Woodall sat in his car in a parking lot; no evidence indicated that the
blood on the victim=s tennis shoe was other
than the victim=s blood.  See id. at 391.  





[4]The trial court=s findings of fact
include findings that Woodall threatened the victim the night the victim was
shot; the victim recognized Woodall=s car in the parking lot before the victim was
shot; a witness saw Woodall shoot the victim and picked Woodall out of a photo
line-up; the witness memorized the license plate number of the shooter=s vehicle as the vehicle
drove off and that the memorized license plate number belonged to a vehicle
owned by Woodall and his wife; the witness identified a picture of Woodall=s car as identical to the
car driven by the shooter; and law enforcement personnel found shell casings in
the vehicle owned by Woodall and his wife.