COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-101-CR

THOMAS RANDALL WOODALL APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Thomas Randall Woodall challenges the trial court’s denial of his motion for DNA testing.
(footnote: 2)   We will affirm.

Woodall’s request for DNA testing sought “testing on biological materials related to [Woodall’s] case that are currently in the possession of the State or the State’s agents.”  The State responded that no evidence existed that might contain biological material.  Although the Arlington Police Department had previously possessed evidence containing biological material—a bloody tennis shoe belonging to the victim—that evidence had been destroyed pursuant to article 38.43 because it would not establish the identity of the assailant or exclude Woodall as a suspect.
(footnote: 3)  
See 
Tex. Code Crim. Proc. Ann.
 art. 38.43 (Vernon Supp. 2006).  The State argued that the DNA evidence had been properly destroyed under article 38.43 and that, because any biological evidence no longer existed, DNA testing was not authorized.  
See 
Tex. Code Crim. Proc. Ann.
 art. 64.03 (a) (Vernon 2006)
 (authorizing DNA testing only if the court finds that “the evidence still exists and is in a condition making DNA testing possible”).  The trial court denied Woodall’s motion for DNA testing and adopted the State’s proposed findings of fact and conclusions of law.
(footnote: 4)  Woodall timely filed his notice of appeal, and this appeal followed.  In a single point, Woodall argues that we should remand this case to the trial court for inquiry into the reasons why the tennis shoe was destroyed after Woodall had requested testing. 

The trial court is required to order DNA testing only if the statutory requirements of article 64.03 are met, that is, only if (1) the evidence still exists and identity was or is an issue in the case; and (2) the convicted person establishes by a preponderance of the evidence that the person would not have been convicted if exculpatory results had been obtained through DNA testing.  
Id.
; 
Bell v. State
, 90 S.W.3d 301, 306 (Tex. Crim. App. 2002).  If the evidence no longer exists or if identity was not or is not still an issue in the case, then the trial court cannot order DNA testing.  
See Lewis v. State
, 191 S.W.3d 225, 228-29 (Tex. App.—San Antonio 2005, pet. ref’d). 

We employ a bifurcated standard of review when reviewing a trial court’s  decision on a post-conviction motion for DNA testing.  
Whitaker v. State
, 160 S.W.3d 5, 8 (Tex. Crim. App. 2004).  We afford almost total deference to the trial court’s determination of issues of historical fact and issues of application-of-law-to-fact that turn on credibility and demeanor of witnesses.  
See Rivera v. State
, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002).  But we review de novo other issues of application-of-law-to-fact questions that do not turn on the credibility and demeanor of witnesses.  
Id.
  

Here, identity was not and still is not an issue in the case and 
no DNA evidence existed any longer.  
The State delivered to the trial court the affidavit testimony of the property custodian for the Arlington Police Department explaining that “[a]ll evidence was destroyed” and that “[n]o biological material was taken in this case that was pertinent to the identification of the defendant.”  
See
 
Tex. Code Crim. Proc. Ann.
 
art. 64.02(2)(A), (B).  That affidavit testimony, absent contrary evidence, was sufficient to support the trial court’s denial of Woodall’s motion for DNA testing.  
See Shannon v. State
, 116 S.W.3d 52, 55 (Tex. Crim. App. 2003).  Because Woodall presented no contrary evidence on the existence of biological material, on the issue of identity, or on the probability that testing such material would tend to exculpate him from the underlying crime or change the outcome of his trial, the trial court did not err by denying his motion for DNA testing.  
See Lewis
, 191 S.W.3d at 228-29; 
see also Rivera
, 89 S.W.3d at 61.

Woodall requests, however, that we remand this case so the trial court may conduct an inquiry into the reason for the Arlington Police Department’s destruction of the evidence in his case.  But the code of criminal procedure does not authorize an appeal to a court of appeals on the ground that the State improperly destroyed DNA evidence, nor does a court of appeals have original jurisdiction to grant a writ of habeas corpus in criminal law matters.  
See 
Tex. Code Crim. Proc. Ann.
 art. 38.43; 
Tex. Gov’t Code Ann.
 § 22.221 (Vernon Supp. 2006); 
Chavez v. State
, 132 S.W.3d 509, 510 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (holding that a complaint that the State improperly destroyed DNA evidence is a request for habeas relief over which a court of appeals has no jurisdiction); 
see also Lewis
, 191 S.W.3d at 229.  Accordingly, we are without jurisdiction to address whether the State properly destroyed DNA evidence—the victim’s bloody tennis shoe—that it concluded was not pertinent to the identity of the defendant.  We therefore dismiss Woodall’s sole point on appeal 
and affirm the trial court’s order denying the motion for DNA testing.

SUE WALKER

JUSTICE 

PANEL F: HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: January 18, 2007 

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
A Tarrant County jury convicted Woodall of aggravated assault with a deadly weapon, and we affirmed that conviction on direct appeal.  
See Woodall v. State
, 77 S.W.3d 388 (Tex. App.—Fort Worth 2002, pet. ref’d).

3:
According to the facts presented in the record of Woodall’s direct appeal, the victim was shot by Woodall as Woodall sat in his car in a parking lot; no evidence indicated that the blood on the victim’s tennis shoe was other than the victim’s blood.  
See id.
 at 391.  

4:
The trial court’s findings of fact include findings that Woodall threatened the victim the night the victim was shot; the victim recognized Woodall’s car in the parking lot before the victim was shot; a witness saw Woodall shoot the victim and picked Woodall out of a photo line-up; the witness memorized the license plate number of the shooter’s vehicle as the vehicle drove off and that the memorized license plate number belonged to a vehicle owned by Woodall and his wife; the witness identified a picture of Woodall’s car as identical to the car driven by the shooter; and law enforcement personnel found shell casings in the vehicle owned by Woodall and his wife.