# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00002-CV

### In re Charles Raymond Lee, Jr.

## ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY

## M E M O R A N D U M   O P I N I O N

Charles Raymond Lee, Jr., seeks a writ of mandamus directing the judge of the 277th District Court to appoint counsel to assist him in his chapter 64 forensic DNA testing proceeding. We deny the petition.

Before September 1, 2003, the appointment of counsel for an indigent person was mandatory under article 64.01(c). Act of Apr. 3, 2001, 77th Leg., R.S., ch. 2, § 2, art. 64.01, 2001 Tex. Gen. Laws 2, 3. Moreover, appeals in chapter 64 proceedings were then limited to findings under articles 64.03 and 64.04. *Id*. ch. 2, § 2, art. 64.05, 2001 Tex. Gen. Laws 2, 4. For these reasons, mandamus was deemed the proper vehicle by which to obtain relief if a request for appointed counsel was denied. *Winters v. Presiding Judge*, 118 S.W.3d 773, 775-76 (Tex. Crim. App. 2003); *Neveu v. Culver*, 105 S.W.3d 641, 643 (Tex. Crim. App. 2003).

Articles 64.01 and 64.05 were amended effective September 1, 2003. Under article 64.01(c) as amended, an indigent person seeking DNA testing is entitled to appointed counsel

only if the trial court finds reasonable grounds for a testing motion to be filed. Tex. Code Crim. Proc. Ann. art. 64.01(c) (West Supp. 2009). Thus, the appointment of counsel under article 64.01(c) is no longer a ministerial act. *In re Ludwig*, 162 S.W.3d 454 Tex. App.—Waco 2005) (orig. proceeding). As amended, article 64.05 permits "appeal[s] under this chapter." Tex. Code Crim. Proc. Ann. art. 64.05 (West 2006). Thus, an appeal now lies from an order denying a request for appointed counsel. *James v. State*, 196 S.W.3d 847, 849 Tex. App.—Texarkana 2006, no pet.); *see Lewis v. State*, 191 S.W.3d 225, 227-28 Tex. App.—San Antonio 2005, pet. ref'd); *In re Bowman*, No. 03-07-00418-CR, 2007 Tex. App. LEXIS 9500, at *2 (Tex. App.—Austin Dec. 5, 2007, no pet.) (mem. op., not designated for publication).

Because the appointment of counsel in a chapter 64 proceeding is not a ministerial act and because the denial of a request for appointed counsel is an appealable order, the petition for writ of mandamus is denied. *See* Tex. R. App. P. 52.8(a).

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Filed: January 20, 2010