

# NUMBERS 13-11-00483-CR AND 13-11-00484-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

GEORGE OLIVAREZ,                                                              Appellant,

v.

THE STATE OF TEXAS,                                                          Appellee.

### On appeal from the 148th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION[1]

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion by Justice Rodriguez

Appellant George Olivarez, pro se, appeals from the trial court's orders denying his

motions for DNA testing.   By one issue, Olivarez complains that the trial court erred in

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it.   *See* TEX. R. APP. P. 47.4.

finding that his DNA motions did not state reasonable grounds and in denying him appointment of counsel. We affirm.

## I. BACKGROUND

Olivarez pleaded guilty as a repeat felony offender to the offense of indecency with a child in appellate cause number 13-11-00483-CR and to a second offense of indecency with a child in appellate cause number 13-11-484-CR.[2] *See* TEX. PENAL CODE ANN. § 21.11 (West 2011). On April 26, 2000, the trial court assessed punishment at concurrent twenty-five year sentences, pursuant to a plea bargain agreement. Olivarez filed a pro se notice of appeal, challenging the voluntariness of his plea and alleging ineffective assistance of counsel and an improper admonition as to the range of punishment for his offense. This Court dismissed the appeal for want of jurisdiction under *Anders v. California. See* 386 U.S. 738, 744-45 (1967); *see also Olivarez v. State*, No. 13-00-310-CR, 2001 Tex. App. LEXIS 3676, at *1, 4 (Tex. App.—Corpus Christi, May 31, 2001, no pet.) (mem. op., not designated for publication).

Post-conviction, Olivarez filed motions for DNA testing in each case and requested appointment of counsel on the basis that he had reasonable grounds to file his motions. On June 6, 2011, after making its findings and taking judicial notice of the record in each case, the trial court issued orders denying Olivarez's motions. Olivarez appeals from the trial court's orders. *See* TEX. CODE CRIM. PROC. ANN. art. 64.05 (West 2006) (providing for the appeal of the denial of a post-conviction motion for forensic DNA testing).[3]

---

[2] Olivarez briefed these companion appeals together, and we will now address them in a single opinion.

[3] Since its enactment, Chapter 64 has undergone several amendments, most recently in 2011. *See* TEX. CODE CRIM. PROC. ANN. arts. 64.01-.05 (West 2006 & Supp. 2011). The effective date of the

## II. STANDARD OF REVIEW

"In reviewing the trial judge's Chapter 64 rulings, this Court usually gives 'almost total deference' to the trial judge's findings of historical fact and application-of-law-to-fact issues that turn on witness credibility and demeanor, but we consider *de novo* all other application-of-law-to-fact questions."  *Ex parte Gutierrez*, 337 S.W.3d 883, 890 (Tex. Crim. App. 2011) (quoting *Routier v. State*, 273 S.W.3d 241, 246 (Tex. Crim. App. 2008)).

## III. APPLICABLE LAW

Article 64.01(c) provides that a convicted person, who informs the convicting court that he wishes to submit a motion under this chapter, is entitled to the appointment of counsel if the trial court finds reasonable grounds to file a motion and determines the person is indigent.  TEX. CODE CRIM. PROC. ANN. art. 64.01(c) (West Supp. 2011). "[W]hether 'reasonable grounds' exist for testing necessarily turns on what is required for testing."  *Gutierrez*, 337 S.W.3d at 891.  Articles 64.01(b)(1) and 64.03 of the Texas Code of Criminal Procedure provide the specific requirements to determine whether reasonable grounds exist.  *Swearingen v. State*, 303 S.W.3d 728, 731 (Tex. Crim. App. 2010); *see* Act of April 5, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 2-4; TEX. CODE CRIM. PROC. ANN. art. 64.03(1)-(2).

As it existed at the time Olivarez filed his motions, article 64.01(b)(1) provided, in relevant part, the following basic testing requirements:  that a convicted person could request the convicting court to permit forensic DNA testing of previously untested

---

most recent amendment is September 1, 2011.  *See* Act of June 17, 2011, 82d Leg., R.S., ch. 278, § 5, 2011 Tex. Gen. Laws 882, 884; Act of June 17, 2011, 82d Leg., R.S., ch. 366, § 1, 2011 Tex. Gen. Laws 1015, 1015-16.  Olivarez filed his DNA motions before September 2011.  Thus, the 2011 amendments do not apply, and we will apply the statute as it existed at the time Olivarez filed his motions.  However, where the amendments made no material change to the statute, we will cite to the current version.

evidence containing biological material that was secured in relation to the offense and that was in the State's possession during trial of the offense. *See* Act of April 5, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 2-4 (amended 2003, 2007, & 2011) (current version at TEX. CODE CRIM. PROC. ANN. art. 64.01(b)(1) (West Supp. 2011)). In addition, to be entitled to DNA testing, article 64.03 required that a defendant first show, among other things, that unaltered evidence was available for testing. TEX. CODE CRIM. PROC. ANN. art. 64.03 (West Supp. 2011); *Prible v. State*, 245 S.W.3d 466, 467-68 (Tex. Crim. App. 2008).

The court of criminal appeals has summarized the requirements as follows: "Courts have found that reasonable grounds for testing are not present if no biological evidence exists or if it has been destroyed, or if identity was not or is not an issue." *Gutierrez*, 337 S.W.3d at 891. If a convicted person who bears the burden of satisfying the requirements of Chapter 64 fails to meet the preconditions to obtaining post-conviction DNA testing, he has failed to set forth reasonable grounds to file a motion and, therefore, is not entitled to the appointment of counsel. *Wilson v. State*, 185 S.W.3d 481, 484 (Tex. Crim. App. 2006) (op. on reh'g) (en banc); *Lewis v. State*, 191 S.W.3d 225, 228-29 (Tex. App.—San Antonio 2005, pet. ref'd); *see* TEX. CODE CRIM. PROC. ANN. art. 64.01(c).

## IV. DISCUSSION

By his sole issue, Olivarez contends that the trial court erred in denying his motions for DNA testing. Olivarez asserts that he stated reasonable grounds for the testing in his motions. He urges this Court to reverse and remand his cases to the trial court to order DNA testing of the biological material in the State's possession and to appoint counsel.

4

We decline to do so.

Specifically, Olivarez contends that the trial court erred when it found he "stated no reasonable grounds for granting a motion for DNA testing, thus under [article] 64.01(c) the [c]ourt was] not required to appoint an attorney [to] represent [Olivarez] for purposes of these proceedings." Olivarez also complains of the trial court's underlying finding that "there was [n]o showing . . . that there was any evidence containing biological material obtained or preserved in the course of the investigation and prosecution of these cases."[4] *See Swearingen*, 303 S.W.3d at 732 (citing *Routier*, 273 S.W.3d at 256 (concluding that Routier failed to meet her threshold burden of showing that there was even any "evidence containing biological material" to be tested)).

Almost total deference is given to a trial court's findings of historical facts, including whether the claimed DNA evidence exists and is in a condition to be tested. *See Gutierrez*, 337 S.W.3d at 890 (quoting *Routier*, 273 S.W.3d at 246). In this case, Olivarez asserts that the hospital medical examination records, including the Child Protective Services records, contradict the finding that no biological material exists for testing. However, having taken judicial notice of the record in each case, the trial court made clear in its June 6, 2011 orders that there was no showing of any evidence containing biological material either obtained or preserved during the investigation and prosecution of the cases. We defer to the trial court's finding of historical fact. *See id.*

In addition to the deference we pay to the convicting court's historical-fact determinations, we note that, referring to Exhibit F attached to his motions, Olivarez

---

[4] Because our analysis of Olivarez's contention regarding this threshold requirement finding is dispositive of this issue on appeal, we will address it first, and we will not need to address his remaining argument that identity was not or is not an issue. *See* TEX. R. APP. P. 47.1.

contends that "a rape kit was made with buccal, vaginal, and anal swabs being taken of the alleged victims." However, Exhibit F, which is a copy of one of the complainant's hospital medical records, does not indicate that a rape kit was prepared. Rather, the Sexual Assault Nurse Examiner who saw both complainants drew a line through the portion of each complainant's records that referred to a rape kit. Thus, contrary to Olivariz's contentions, we find nothing in the record indicating that evidence containing biological material in a rape kit was available for testing or, if it was available, that it was preserved in the course of the investigation and prosecution of the cases.

In addition, the court of criminal appeals has held that a mere assertion or a general claim that existence of biological material is probable will fail to satisfy the appellant's burden. *Swearingen*, 303 S.W.3d at 732 (citations omitted). As set out above, Olivarez incorrectly asserts that the medical records state that a rape kit was made with buccal, vaginal, and anal swabs taken from the complainants. He also complains the trial court failed to make an effort to determine whether such evidence existed; however, it was Olivarez's burden to satisfy the requirements of Chapter 64. *See Lewis*, 191 S.W.3d at 228-29; *Wilson*, 185 S.W.3d at 484; *see also* TEX. CODE CRIM. PROC. ANN. art. 64.01(c). In addition, based on his assumption that there was a rape kit, Olivarez contends that the evidence "undermines the trial court's unsubstantiated findings." Olivarez further speculates that the biological evidence obtained during the initial physical examination and preparation of the rape kit would contain flakes of skin that were naturally shed or rubbed off during any contact. Olivarez argues that, therefore, there is a "reasonable probability" that testing of the biological material collected during the physical examination of both complainants would establish his

innocence.  Based on Olivarez's assertions and general claims that biological material existed, we cannot conclude that the convicting court erroneously determined that Olivarez failed to show the existence of evidence containing biological material.  *See Swearingen*, 303 S.W. 3d at 732.

Considering de novo the application of law to this fact, because no biological evidence was obtained or preserved, we conclude the trial court did not err in determining that reasonable grounds for testing were not present.  *See Gutierrez*, 337 S.W.3d at 891. With no reasonable grounds for testing, we further conclude that the trial court did not err in determining that Olivarez was not entitled to the appointment of counsel.  *See id.*; *Lewis*, 191 S.W.3d at 228-29; *Wilson*, 185 S.W.3d at 484; *see also* TEX. CODE CRIM. PROC. ANN. art. 64.01(c).   We overrule Olivarez's sole issue.

## V.  CONCLUSION

We affirm the orders of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 18th
day of October, 2012.

7