

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-12-00109-CR

---

WELDON BOYCE BRIDGES, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 159th District Court
Angelina County, Texas
Trial Court No. CR-27979

---

Before Morriss, C.J., Carter and Moseley, JJ.

ORDER

In Weldon Boyce Bridges' appeal from a denial of his request for DNA testing, Bridges has filed with this Court a request to obtain a reporter's record from the July 15, 2009, hearing on his guilty plea in his underlying conviction for aggravated sexual assault of a child.[1] Bridges was not entitled to a free record (and did not request one) in that proceeding, as he had no right to appeal.

Bridges now asks for a reporter's record of his guilty plea to be prepared and tendered to this Court as a part of his DNA appeal. While many DNA appeals refer to the record of an underlying trial, in many of those cases, a record was prepared in the direct appeal from the conviction, and, in other cases that use such a record, its source is not explained. *See generally Bell v. State*, 90 S.W.3d 301, 306 (Tex. Crim. App. 2002); *Yarbrough v. State,* 258 S.W.3d 205 (Tex. App.—Waco 2008, no pet.); *Lewis v. State*, 191 S.W.3d 225, 228 (Tex. App.—San Antonio 2005, no pet.).

DNA appeals are to be handled like other criminal appeals. TEX. CODE CRIM. PROC. ANN. art 64.05 (West 2006). Bridges is therefore entitled to a record of proceedings in his DNA case. *See* TEX. R. APP. P 34.6. That record—which consists of only a clerk's record, as no hearing was conducted—has been prepared and filed.

Neither the DNA statute nor the applicable rules require the preparation of a record from the underlying trial. While such a record might be required under general rules of law under some combination of facts, Rule 34.1 of the Rules of Appellate Procedure includes in the

---

[1] Although Bridges sets out a number of other complaints about the proceedings, this appears to be the only one of his complaints that could possibly trigger relief from this motion.

appellate record "the clerk's record and, if necessary to the appeal, the reporter's record." TEX. R. APP. P 34.1.

We have reviewed the clerk's record from the DNA appeal—which includes the clerk's record from Bridges' underlying conviction. In this case, a reporter's record for the underlying plea hearing is unnecessary to Bridges' appeal of his DNA case.

Bridges has specifically requested that DNA testing be done on biological samples collected during the SANE examination of the victim, suggesting that the DNA of another male might be present that would show Bridges' innocence. The State points out that the victim's outcry and the subsequent SANE exam occurred *six months* after the alleged assaults and would thus be singularly useless. Further, our own review of the SANE examination hospital records contained within the clerk's record shows that no biological specimens were collected.[2]

We will not require the expenditure of public funds and waste judicial resources mandating a clearly useless act. Bridges' motion is denied.[3]

BY THE COURT

Date:   January 17, 2013

FILED IN
The Court of Appeals
Sixth District

JAN 1 7 2013

Texarkana, Texas
Debra Autrey, Clerk

---

[2]The State explained that little evidence was introduced because of his guilty plea; nevertheless, Bridges had produced three pairs of juvenile female panties which he claimed he had kept "for protection" in case he was ever accused of child molestation. The State recognized that there was obviously no chain of custody, indeed, nothing to show whose they were, but nevertheless had them tested—and that they contained no DNA from a male. Bridges' petition does not mention the panties, but focuses solely on any specimens obtained during the SANE examination.

[3]We also remind Bridges that his brief is nearly twenty days late and that, if it is not filed promptly hereafter, his appeal may be subject to dismissal for want of prosecution.

3