**Petition for Writ of Habeas Corpus Dismissed, Emergency Motion for Temporary Relief Denied as Moot, and Memorandum Opinion filed July 29, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00576-CR

---

### IN RE KHAI LE, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF HABEAS CORPUS**
County Criminal Court at Law No. 13
Harris County, Texas
Trial Court Cause No. 1881713

---

## MEMORANDUM OPINION

On July 15, 2014, relator Khai Le filed a petition for writ of habeas corpus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator contends that she is illegally restrained for an alleged violation of conditions of community supervision, because the trial court lost jurisdiction over the underlying proceedings and the continued prosecution of relator will violate the constitutional prohibition against double jeopardy. Also on July 15, 2014, relator

filed an emergency motion for temporary relief. *See* Tex. R. App. P. 52.8(b)(3), 52.10.

We are unable to consider relator's petition, because this court has no original habeas corpus jurisdiction in criminal law matters. *See* Tex. Gov't Code § 22.221(d) (providing original habeas jurisdiction to the Courts of Appeals where a relator's liberty is restrained by virtue of an order, process, or commitment issued by a court or judge in a civil case); *see also Lewis v. State*, 191 S.W.3d 225, 229 (Tex. App.—San Antonio 2005, pet ref'd); *Watson v. State*, 96 S.W.3d 497, 500 (Tex. App.—Amarillo 2002, pet ref'd); *Ex parte Hearon*, 3 S.W.3d 650, 650 (Tex. App.—Waco 1999, orig. proceeding) (mem. op., per curiam). Original jurisdiction to grant a writ of habeas corpus in a criminal case is vested in the Court of Criminal Appeals, the district courts, the county courts, or a judge of those courts. Tex. Code Crim. Proc. art. 11.05.

Accordingly, we dismiss relator's petition for writ of habeas corpus for want of jurisdiction. We also deny as moot relator's emergency motion for temporary relief.[1]

PER CURIAM

Panel consists of Chief Justice Frost and Justices Jamison and Donovan.

Do Not Publish — Tex. R. App. P. 47.2(b).

---

[1] Relator previously filed a petition for writ of mandamus and writ of prohibition pertaining to her assertion that the trial court has lost jurisdiction over the underlying proceedings. *See In re Khai Le*, Nos. 14-14-00446-CR and 14-14-00447-CR. Relator's petition for writ of mandamus and writ of prohibition remains pending with this court; this opinion only disposes of relator's newly-filed petition for writ of habeas corpus and corresponding motion for temporary relief in No. 14-14-00576-CR.