**Affirmed and Memorandum Opinion filed November 7, 2023.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-22-00324-CR

**LEON HARRISON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause No. 635921**

## MEMORANDUM OPINION

Appellant Leon Harrison ("appellant") appeals the trial court's denial of his post-conviction motion for mitochondrial DNA testing of hair fragments. This is appellant's sixth appeal from successive motions for post-conviction DNA testing.[1]

---

[1] *Harrison v. State*, No. 14-02-01239-CR, 2003 WL 22902265, at *1 (Tex. App.—Houston [14th Dist.] Dec. 9, 2003, pet. ref'd) (mem. op., not designated for publication) ("*Harrison I*"); *Harrison v. State*, No. 14-07-00287-CR, 2008 WL 220711, at * 1, (Tex. App.—Houston [14th Dist.] Jan. 29, 2008, pet. ref'd) (mem. op., not designated for publication) ("*Harrison II*"); *Harrison v. State*, No. 14-13-00239-CR, 2014 WL 801302 at *1 (Tex. App.—Houston [14th Dist.] Feb. 27, 2014, pet. ref'd) (per curiam) (mem. op., not designated for

In two issues, appellant contends that (1) reasonable grounds exist for his post-conviction motion because mitochondrial DNA testing was unavailable at the Texas Department of Public Safety Crime Laboratory ("Crime Lab") when certain evidence underwent DNA testing and the hair fragments have not been previously tested; and (2) the trial court erred in denying his motion for appointed counsel. Because appellant has not met his burden under article 64.03(a)(2)(A) of the Code of Criminal Procedure to obtain post-conviction DNA testing and because the trial court did not abuse its discretion in denying appointment of counsel for appellant's motion, we affirm.

## I. BACKGROUND

Appellant was convicted of sexual assault in 1992. The complainant, a fifteen-year-old girl, alleged that she was "gang raped" by several men, including appellant. *Harrison II*, 2008 WL 220711, at * 1. Two of the men, Roderic Brooks and Ernest Pickaree, confessed and implicated appellant as an additional assailant. *Id.* The complainant did not identify a fourth man—appellant's cousin Lawrence Pickaree—in a line-up. *See id.* However, she identified appellant in a line-up. *Id.* Appellant signed a confession, which he has since argued was inaccurately taken by the police, and he pleaded guilty to sexual assault. *See id.* He was sentenced to two years' imprisonment in September 1992. *Id.* Although acknowledging that he helped drive the complainant to and from the house where the sexual assault occurred, appellant contends that he did not sexually assault her. He claims that he was on the telephone in the living room during the incident. *See id.*

publication) ("*Harrison III*"); *Harrison v. State*, No. 14-15-00833-CR, 2016 WL 3362477, at *1 (Tex. App.—Houston [14th Dist.] June 16, 2016, no pet.) (per curiam) (mem. op., not designated for publication) ("*Harrison IV*"); *Harrison v. State*, No. 14-16-00995-CR, 2018 WL 2925687, at *1 (Tex. App.—Houston [14th Dist.] June 12, 2018, no pet.) (per curiam) (mem. op., not designated for publication) ("*Harrison V*").

In post-conviction DNA testing in 2012,[2] the Crime Lab tested DNA extracts from a swab of the complainant's underwear and two vaginal swabs using Short Tandem Repeat (STR) Polymerase Chain Reaction (PCR)[3] analysis. No semen was detected on the underwear and one vaginal swab. Semen was detected on the second vaginal swab, but the DNA from the semen did not belong to appellant. The semen's DNA instead matched Roderic Brooks, one of the men convicted of the sexual assault. The Crime Lab also collected trace evidence from complainant's underwear by tape lift, including fibers, hair fragments that were "unsuitable for microscopic comparison," animal hairs, and a possible head hair fragment. However, per the Crime Lab, "head hair comparisons cannot be performed" because "more than five years have passed since the time of the offense."

After a hearing in which these results were admitted, the trial court entered unfavorable findings for appellant. Appellant has since unsuccessfully appealed the trial court's unfavorable findings in *Harrison III*, 2014 WL 801302 at *1, and petitioned for additional DNA testing in *Harrison IV* and *Harrison V* before seeking dismissal of the latter two appeals.

---

[2] We take judicial notice of the Crime Lab test results and the trial court's Findings of Fact after the 2012 DNA testing, from the *Harrison III* clerk's record. An appellate court is limited to the record that is before it on appeal and generally may take judicial notice only of (1) facts that could have been properly judicially noticed by the trial judge or (2) facts that are necessary to determine whether the appellate court has jurisdiction of the appeal. *Tafel v. State*, 536 S.W.3d 517, 523 (Tex. 2017) (per curiam). Both the Crime Lab test results and trial court's findings of fact fall within the first category.

[3] In *Skinner v. State*, 665 S.W.3d 1, 12 n. 11 (Tex. Crim. App. 2022), the court explained that PCR is a DNA amplification method that makes millions of copies of a specific sequence of DNA in a matter of only a few hours. "'Without the ability to make copies of DNA samples, many forensic samples would be impossible to analyze' due to being small or degraded, like those often found at crime scenes." *Id.* (quoting John M. Butler, <u>Forensic DNA Typing: Biology, Technology, and Genetics of STR Markers</u> 63 (2d ed. 2005)). STR refers to sequences of DNA that are repeated multiple times within DNA. *Id.* STRs are effective in identifying human components of DNA material. *Id.*

In this appeal, appellant contests the trial court's denial of his motion under Chapter 64 of the Texas Code of Criminal Procedure for mitochondrial DNA testing[4] of hair fragments and denial of his request for appointed counsel. *See* Tex. Code Crim. Proc. Ann. art. 64.03.

## II. ADDITIONAL POST-CONVICTION DNA TESTING

Chapter 64 of the Code of Criminal Procedure governs post-conviction forensic DNA testing of evidence. The trial court denied appellant's motion for such testing. In reviewing the trial court's ruling on a defendant's motion for post-conviction DNA testing under Chapter 64, when the trial court does not enter separate findings, the reviewing court implies the necessary findings to support the ruling so long as they are reasonably supported by the record. *Dunning v. State*, 572 S.W.3d 685, 692 (Tex. Crim. App. 2019). We apply a bifurcated standard of review, affording almost total deference to a trial court's resolution of historical facts and mixed questions that turn on credibility and demeanor, but we review de novo questions of law, and mixed questions that do not turn on credibility and demeanor. *Id.*

Under article 64.03(a)(2)(A), the convicted person must prove by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing. Tex. Code Crim. Proc. Ann. art. 64.03(a)(2)(A). This is a threshold issue. *LaRue v. State*, 518 S.W.3d 439, 445 (Tex. Crim. App. 2017).

The sexual assault occurred at the home of appellant's cousins Ernest and Lawrence Pickaree. Ernest Pickaree pleaded guilty to the sexual assault and

---

[4] "Mitochondrial DNA . . . is separate from nuclear DNA and different from it in that mitochondrial DNA comes solely from the mother and is therefore a clone of her mitochondrial DNA rather than a blending of the nuclear DNA from both parents." *Wilson v. State*, 185 S.W.3d 481, 490 n.13 (Tex. Crim. App. 2006) (Johnson, J., concurring).

implicated appellant. Roderic Brooks, whose semen has now been confirmed as a source of DNA on one of the vaginal swabs, pleaded guilty to the sexual assault and also implicated appellant. In this case, mitochondrial DNA testing of the hair fragments, at best, would show that one of the assailants who sexually assaulted the complainant or who was present that night left his hair at the crime scene. *See id.* at 449. Testing of the hair might confirm their involvement, but it would not exonerate appellant. *See Wilson v. State*, 185 S.W.3d 481, 485 (Tex. Crim. App. 2006) (stating that "if newer, more discriminating DNA testing showed that another perpetrator was involved, that finding would not exonerate appellant because it would show nothing more than there was another party to the crime, at best"). "In cases involving accomplices, a defendant can only meet his burden under Article 64.03(a)(2)(A) if he can show that testing, if exculpatory, will establish that he did not commit the crime as either a principal or a party." *Ramirez v. State*, 621 S.W.3d 711, 723 (Tex. Crim. App. 2021).

Appellant has not demonstrated that results obtained from mitochondrial DNA testing of hair fragments will establish that he did not commit the offense as either a principal or a party. *See id.* Before appellant's conviction, the complainant and two co-defendants identified him as an assailant in the sexual assault. Appellant signed a written confession admitting the offense. Appellant includes his affidavit and two other affidavits to cast doubt on the veracity of his and Ernest Pickaree's confessions and to contend that it was Lawrence Pickaree and Roderic Brooks who raped the complainant. In making an article 64.03(a)(2)(A) determination, courts do not consider such post-trial factual developments. *Id.* Because the sexual assault was a multi-assailant crime, the presence of hairs, even if belonging to someone other than appellant, does not exonerate him. *See Ex parte Gutierrez*, 337 S.W.3d 883, 902 (Tex. Crim. App. 2011). Thus, we conclude that

appellant has not met article 64.03(a)(2)(A)'s requirements, and the trial court properly denied DNA testing. We overrule issue one.

## III. APPOINTMENT OF COUNSEL

In his second issue, appellant argues that the trial court erred when it denied appointment of counsel for appellant's sixth motion for post-conviction DNA testing. An indigent convicted person intending to file a motion for post-conviction DNA testing currently has a limited right to appointed counsel. *See* Tex. Code Crim. Proc. Ann. art. 64.01(c); *Ex parte Gutierrez*, 337 S.W.3d at 899. As originally written in 2001, article 64.01(c) stated that a defendant was entitled to the appointment of counsel merely upon requesting counsel and establishing indigence. *Lewis v. State*, 191 S.W.3d 225, 227 (Tex. App.—San Antonio 2005, pet. ref'd). Since the Legislature amended article 64.01(c), the convicted person has the additional burden of establishing "reasonable grounds for a motion to be filed." Tex. Code Crim. Proc. Ann. art. 64.01(c); *see Lewis*, 191 S.W.3d at 227. The trial court expressly stated that appellant has had multiple attorneys appointed for DNA testing[5] and "there are no reasonable grounds that exist for the filing of Applicant's current motion." Because appointment of counsel involves a discretionary decision, and is not a purely ministerial act, we review such a finding under an abuse-of-discretion standard. *In re Marshall*, 577 S.W.3d 581, 583 (Tex.

---

[5] We note that appellant was represented by appointed counsel in *Harrison III*, *Harrison IV*, and *Harrison V*. In *Harrison III* and *Harrison V*, the appointed attorneys filed *Anders* briefs on appeal, evaluating the records and demonstrating there were no arguable grounds to be advanced on appeal. *See Anders v. California*, 386 U.S. 738 (1967). This court agreed in *Harrison III* that appellant's appeal was wholly frivolous and without merit. 2014 WL 801302 at *1. In *Harrison V*, this court granted appellant's motion to withdraw his notice of appeal after briefs were filed. 2018 WL 2925687, at *1. In *Harrison IV*, appellant and his appointed attorney jointly signed a motion to withdraw his notice of appeal before briefing, and this court dismissed the appeal. 2016 WL 3362477, at *1.

App.—Houston [14th Dist.] 2019, orig. proceeding).

Reasonable grounds for testing are not present unless the convicted person presents "a valid or viable argument" that test results "could plausibly show that [he] would not have been convicted." *Gutierrez*, 337 S.W.3d at 891–92 (internal quotation marks omitted). In other words, a convicted person's failure to establish the prescribed statutory requirements to obtain DNA testing in his Chapter 64 motion may frustrate his entitlement to appointment of counsel. *See id*. For the reasons already discussed in issue one, appellant's motion did not present a viable argument that DNA test results from the hair fragments would have prevented his conviction. This conclusion similarly frustrates his second issue. We conclude that the trial court did not abuse its discretion in denying appointment of counsel. We overrule appellant's second issue.

### IV. CONCLUSION

Having overruled both of appellant's issues, we affirm the trial court's order denying appellant's motion for post-conviction mitochondrial DNA testing.

/s/ Margaret "Meg" Poissant
Justice

Panel consists of Justices Bourliot, Hassan, and Poissant.

Do not publish — TEX. R. APP. P. 47.2(b).