

# IN THE
# TENTH COURT OF APPEALS

## No. 10-18-00170-CR

**WILLIAM CHARLES WEBB,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2012-678-C2**

## MEMORANDUM OPINION

In two issues, appellant, William Charles Webb, complains that the trial court erred by: (1) refusing to appoint him counsel to pursue a post-conviction motion for DNA testing under Chapter 64 of the Texas Code of Criminal Procedure; and (2) denying his post-conviction motion for DNA testing. We affirm.[1]

---

[1] The record reflects that Webb has filed numerous motions in this Court, including additional motions for appointment of counsel and for post-conviction DNA testing. To the extent that they have not been ruled upon, in light of our disposition of this matter, we dismiss all pending motions as moot.

**Background**

Pursuant to a plea bargain, Webb pleaded guilty to the offense of injury to a child for causing a child to ingest an alcoholic beverage. *See* TEX. PENAL CODE ANN. § 22.04(a)(1), (e); *see generally Webb v. State*, No. 07-13-00357-CR, 2015 Tex. App. LEXIS 3918 (Tex. App.—Amarillo Apr. 17, 2015, pet. dism'd) (mem. op., not designated for publication). Webb also pleaded "true" to an enhancement paragraph. *See Webb*, 2015 Tex. App. LEXIS 3918, at *1. In accordance with the plea agreement, Webb was sentenced to twenty years' confinement in the Institutional Division of the Texas Department of Criminal Justice. *See id.*

On February 16, 2018, Webb filed a "Request for Appointment of Counsel Pursuant to Article 64, Code of Criminal Procedure." In this filing, Webb requested the appointment of counsel because he intended to file a motion for post-conviction DNA testing under Chapter 64. The State filed a response to Webb's request, arguing that Webb's February 16, 2018 filing was "only a bare request for an attorney" and that Webb has failed to alleged any facts that would entitle him to have an attorney appointed to submit a Chapter 64 motion.

On February 27, 2018, the trial court denied Webb's request for appointment of counsel. In its written order, the trial court specifically found that:

1. Movant has failed to allege any reasonable grounds for filing a motion under Texas Code of Criminal Procedure Article 64.

2. The Court is unable to find any reasonable grounds for the filing of a motion under Article 64, based on the Court's record in this case.

3. Movant is not entitled to an appointed attorney.

After the trial court signed its order denying Webb's February 16, 2018 request, Webb filed a reply to the State's response on March 8, 2018.[2]  However, in this reply, Webb did not allege any facts showing his entitlement to appointed counsel.  Rather, Webb simply stated "the Defendant has alleged facts in his motion that would entitle him [to] a lawyer in these proceedings" and referred the trial court to his original February 16, 2018 filing.  Webb also asserted that: "Appointment of counsel is mandatory in a post-conviction proceeding seeking DNA testing if the convicted person does two things (1) proves he is indigent and (2) informs the court that he wishes to file a motion for DNA testing."

Thereafter, on April 16, 2018, Webb filed another request for appointment of counsel pursuant to Chapter 64 of the Texas Code of Criminal Procedure.  Attached to this request is an affidavit that Webb executed, wherein Webb mentions the existence of

---

[2] Webb also filed a motion for judgment nunc pro tunc, asserting that there is a clerical error in the judgment for his conviction for injury to a child.  Specifically, Webb argued that the judgment improperly stated that he was convicted of a first-degree felony and that his sentence was enhanced.  Rather, according to Webb, the judgment should reflect that he was convicted of a second-degree felony and that his sentence was enhanced due to a prior felony conviction.  The trial court denied Webb's motion for judgment nunc pro tunc.  On April 2, 2018, Webb filed a notice of appeal stating that he wished to appeal the trial court's decision to deny his motion for judgment nunc pro tunc.  This Court dismissed for want of jurisdiction Webb's appeal of the trial court's order denying his motion for judgment nunc pro tunc. *See generally Webb v. State*, No. 10-18-00114-CR, 2018 Tex. App. LEXIS 3099 (Tex. App.—Waco May 2, 2018, no pet.) (mem. op., not designated for publication).

a vodka bottle and a baby bottle that were never tested for biological evidence. Webb alleged that he was at work in Crawford, Texas, when the offense occurred and that DNA testing of the vodka bottle, in particular, "can prove that somebody else did what the State claim[ed] I did." The State responded the same day, arguing that Webb still has not shown that he is entitled to an appointed attorney.

On April 19, 2018, Webb filed yet another motion for appointment of counsel, arguing, this time, that "a denial of counsel is likely to result in fundamental unfairness impinging on his due process rights" because his issue is complex, and because he does not have access to an adequate law library.

Despite the flurry of filings from Webb, on March 17, 2018, the trial court signed an order denying a "Motion for Appointment of Counsel (Pro Se)" filed by Webb. It is unclear as to which "Motion for Appointment of Counsel (Pro Se)" this order corresponds with, especially considering the record demonstrates that the trial court ruled on Webb's February 16, 2018 request on February 27, 2018, and the next motions or requests for appointment of counsel contained in this record are dated April 16 and 19, 2018—, or, in other words, after the trial court's March 17, 2018 order.

In any event, on May 7, 2018, the trial court signed an order regarding a request for appointment of counsel filed on May 2, 2018. Like before, the trial court found that:

1. Movant has failed to allege any reasonable grounds for filing a motion under Texas Code of Criminal Procedure Article 64.

2. The Court is unable to find any reasonable grounds for the filing of a motion under Article 64, based on the Court's record in this case.

3. Movant is not entitled to an appointed attorney.

Also, on May 7, 2018, the trial court signed a second order on Webb's May 2, 2018 motion for forensic testing. In this order, the trial court determined that:

1. Movant has failed to alleged any reasonable grounds for filing a motion under Texas Code of Criminal Procedure Article 64.

2. The Court is unable to find any reasonable grounds for the filing of a motion under Article 64, based on the Court's record in this case.

3. Movant is not entitled to an appointed attorney.

4. Movant has failed to show that a reasonable likelihood exists that the items to be tested contain biological material.

5. Movant has failed to show that discovery of another person's DNA on the items to be tested would create a reasonable probability that Movant would not have been convicted.

The order further provides that:

This order applies to all motions, whether for a request for an appointed attorney or for testing of biological material, that have been received by the Court prior to the entry of this order. After careful review of the record and any additional materials sent to this Court directly, this order disposes of every pending motion before this Court.

Webb filed his notice of appeal seeking to appeal from the trial court's May 7, 2018 order denying his motion requesting forensic DNA testing.[3]

## Standard of Review & Applicable Law

Generally, we review a trial court's decision on a motion for DNA testing under a bifurcated standard of review. *See Whitaker v. State*, 160 S.W.3d 5, 8 (Tex. Crim. App. 2004). We afford almost total deference to the trial court's determination of issues of historical fact and issues of application of law that turn on credibility and demeanor of witnesses. *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). We review de novo issues of application-of-law-to-fact questions that do not turn on the credibility and demeanor of witnesses. *Id.* In the instant case, the trial court did not conduct a live hearing. Therefore, we review the trial court's denial of DNA testing de novo. *See Smith v. State*, 165 S.W.3d 361, 363 (Tex. Crim. App. 2005).

---

[3] This appeal is not Webb's first rodeo involving Chapter 64 of the Texas Code of Criminal Procedure. Indeed, he has filed numerous other proceedings seeking to review orders denying appointment of counsel and post-conviction DNA testing on various items. *See, e.g., In re Webb*, No. 10-21-00069-CR, 2021 Tex. App. LEXIS 3934 (Tex. App.—Waco May 19, 2021, orig. proceeding) (mem. op., not designated for publication); *Webb v. State*, No. 13-18-00578-CR, 2019 Tex. App. LEXIS 5081 (Tex. App.—Corpus Christi June, 20, 2019, no pet.) (mem. op., not designated for publication); *In re Webb*, No. 10-18-00113-CR, 2018 Tex. App. LEXIS 2952 (Tex. App.—Waco Apr. 25, 2018, orig. proceeding) (mem. op., not designated for publication); *In re Webb*, No. 10-18-00036-CR, 2018 Tex. App. LEXIS 1066 (Tex. App.—Waco Feb. 7, 2018, orig. proceeding) (mem. op., not designated for publication).

Additionally, in a concurrent proceeding also issued today, we deny Webb's request to compel the trial court to rule on an unidentified Chapter 64 motion for DNA testing. *See generally In re Webb*, No. 10-20-00292-CR, 2021 Tex. App. LEXIS ____ (Tex. App.—Waco Sept. 29, 2021, orig. proceeding) (mem. op., not designated for publication).

"There is no free-standing due-process right to DNA testing[.]" *Ex parte Gutierrez*, 337 S.W.3d 883, 889 (Tex. Crim. App. 2011) (citing *District Attorney's Office v. Osborne*, 557 U.S. 52, 61-63, 129 S. Ct. 2308, 174 L. Ed. 2d 38 (2009)). Chapter 64 of the Texas Code of Criminal Procedure allows a convicted person to file in the convicting court a motion for post-conviction DNA testing of biological evidence. *Whitfield v. State*, 430 S.W.3d 405, 407 (Tex. Crim. App. 2014); *see* TEX. CODE CRIM. PROC. ANN. art. 64.01(a). "If the motion meets specific requirements and the court grants the motion, article 64.04 requires that 'the convicting court shall hold a hearing and make a finding as to whether, had the results been available during the trial of the offense, it is reasonably probable that the person would not have been convicted.'" *Whitfield*, 430 S.W.3d at 407 (quoting TEX. CODE CRIM. PROC. ANN. art. 64.04)). Under article 64.01(c), a convicted person is entitled to the appointment of counsel if the person informs the court that the person wishes to submit a motion under Chapter 64, the court finds reasonable grounds for a motion to be filed, and the court determines the person is indigent. TEX. CODE CRIM. PROC. ANN. art. 64.01(c); *see Lewis v. State*, 191 S.W.3d 225, 227-28 (Tex. App.—San Antonio 2005, pet. ref'd).

## Analysis

At the outset of our analysis, we note that the trial court's May 7, 2018 order denies a motion for appointment of counsel and for post-conviction DNA testing under Chapter 64 of the Texas Code of Criminal Procedure purportedly filed on May 2, 2018. As we noted in an abatement order issued on February 3, 2021, the record does not contain a

copy of Webb's May 2, 2018 motion. After abatement, the trial court entered an order stating that Webb's May 2, 2018 motion has been lost, but that a subsequent motion filed on January 8, 2021, by Webb is "an accurate copy of the previous motion that has been lost, except for the date in the declaration at the conclusion of the motion."[4] The trial court further found that "the State did not submit a response to Defendant's May 2, 2018 [motion] and that the Court reviewed the motion and asked the State to draft and submit an order denying the motion without the necessity of a response."[5] *See* TEX. CODE CRIM. PROC. ANN. art. 64.02(b) (providing that the convicting court may proceed under Article

---

[4] In light of the trial court's finding, we analyze Webb's January 8, 2021 motion, which is included in a Supplemental Clerk's Record in this matter, within the context of Chapter 64 of the Texas Code of Criminal Procedure.

[5] It is not clear from this record that the State or the trial court complied with article 64.02(a) of the Texas Code of Criminal Procedure, which provides the following:

(a) On receipt of the motion, the convicting court shall:

    (1) provide the attorney representing the state with a copy of the motion; and

    (2) require the attorney representing the state to take one of the following actions in response to the motion not later than the 60th day after the date the motion is served on the attorney representing the state:

        (A) deliver the evidence to the court, along with a description of the condition of the evidence; or

        (B) explain in writing to the court why the state cannot deliver the evidence to the court.

TEX. CODE CRIM. PROC. ANN. art. 64.02(a). And although this possible non-compliance does not appear to be fatal in light of article 64.02(b), we believe the better practice would be for the record to demonstrate that the actions prescribed in article 64.02(a) actually took place. *See id.* art. 64.02(a)-(b) (providing that the "convicting court may proceed under Article 64.03 after the response period described by Subsection (a)(2) has expired, regardless of whether the attorney representing the state submitted a response under that subsection").

64.03 after the response period described in Subsection (a)(2) has expired, regardless of whether the State has submitted a response). The trial court then indicated that the State's response filed on April 16, 2018 was considered and relied upon in denying the relief requested by Webb.

Next, we endeavor to clarify a misconception Webb has about the process. As stated above, Webb is not entitled to the appointment of counsel under article 64.01(c), unless he meets *three* criteria: (1) he informs the trial court that he wishes to submit a Chapter 64 motion; (2) *the court finds reasonable grounds for a motion to be filed*; and (3) the trial court determines that Webb is indigent. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(c); *see also Lewis*, 191 S.W.3d at 227-28. It is the second element that Webb has continuously ignored, and it is the element upon which this appeal hinges. Webb has met the first and third criteria. Therefore, in analyzing both of Webb's issues on appeal, we must necessarily determine whether the trial court erred when it concluded that Webb did not present reasonable grounds to file a Chapter 64 motion.

In his January 8, 2021 Chapter 64 motion, which the trial court determined was the same as the May 2, 2018 motion, Webb alleged the following:

> Defendant has always maintained his innocence. No one observed him feeding alcohol to a child, nor did they see him in possession of any item connected with the offense. The baby bottle was presubly [sic] used to feed the child alcohol with. It would have been handled by the perpetrator, and therefore there could be biological evidence, such as skin cells or saliva. If such evidence is tested, and excluded Defendant, the State would not be able to establish he was the person who fed alcohol to the child.

> The State also recovered a vodka bottle sitting on a livingroom [sic] table, which has not been there previously. The vodka did contain alcohol, and the assumption was that the alcohol came from the vodka bottle. As with the baby bottle, that item could contain biological evidence such as skin cells or saliva. If Defendant is excluded, then he would not be the person who fed alcohol to the child, and would not be guilty of the offense.

Neither on appeal nor in the trial court did Webb provide any further specifics about the vodka and baby bottles or other evidence that might tend to connect him to the offense.

To meet the burden of the Chapter 64 requirements, the convicted person must provide statements of fact in support of his claims; general, conclusory statements are insufficient. *See Routier v. State*, 273 S.W.3d 241, 255 (Tex. Crim. App. 2008); *Dinkins v. State*, 84 S.W.3d 639, 642 (Tex. Crim. App. 2002); *see also Swearingen v. State*, 303 S.W.3d 728, 732 (Tex. Crim. App. 2010) (stating that "a mere assertion or a general claim" will not satisfy the Chapter 64 burden). Notwithstanding the fact that Webb pleaded guilty to the charged offense pursuant to a plea agreement with the State, Webb's conclusory assertions do not establish that the vodka and baby bottles were the only instrumentalities of the charged offense, that these items contain biological material that is suitable for testing, or that only one person, the perpetrator of the offense, handled these items. It is entirely possible that others, including those who did not perpetrate this crime, handled these items. Therefore, as alleged, any DNA testing of these items would only serve to "muddy the waters" and not necessarily establish Webb's innocence or make a difference. *See Ex parte Gutierrez*, 337 S.W.3d at 891-92 (noting that: (1) whether "reasonable grounds" exist for testing requires that biological evidence exists, that the

evidence is in a condition that it can be tested, that the identity of the perpetrator is or was an issue, and that this is the type of case in which exculpatory DNA results would make a difference; (2) before appointing counsel, the trial judge needs "reasonable grounds to believe that a favorable forensic test is a viable, fair, and rational possibility, and that such a test could plausibly show that the convicted person would not have been convicted; and (3) before ordering testing, the convicted person must establish, by a preponderance of the evidence, "probable cause" that he would not have been convicted if exculpatory DNA results are obtained).

Furthermore, besides Webb's speculation, there is no indication in this record that there is any biological material on the vodka and baby bottles that is suitable for testing. *See* TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(1)(B) (stating that a convicting court may order DNA testing under Chapter 64 if it finds that, among other things, "there is a reasonable likelihood that the evidence contains biological material suitable for DNA testing"). Because the record contains no other evidence concerning the matter, the trial court's finding that "[m]ovant has failed to show that a reasonable likelihood exists that the items to be tested contain biological material" deserves deference. *See id.*; *see also Ex parte Thompson*, No. 08-20-00067-CR, 2021 Tex. App. LEXIS 5205, at **16-17 (Tex. App.— El Paso June 30, 2021, no pet.) (mem. op., not designated for publication) (noting that a trial court's finding that appellant did not demonstrate a reasonable likelihood that

cellular phones contained biological material suitable for DNA testing deserved deference, especially considering the dearth of evidence presented by the appellant).

Because Webb did not carry his burden to establish his entitlement to DNA testing on the vodka and baby bottles under article 64.01(b)(1), the trial court did not err by denying Webb's May 2, 2018 post-conviction motion for DNA testing. *See Bell v. State*, 90 S.W.3d 301, 306 (Tex. Crim. App. 2002) (recognizing that "a court must order testing only if the statutory preconditions are met"); *see also In re Padilla*, No. 03- 19-00388-CR, 2021 Tex. App. LEXIS 287, at *14 (Tex. App.—Austin Jan. 14, 2021, pet. ref'd) (mem. op., not designated for publication) (same).

With regard to Webb's second complaint about the trial court's failure to appoint counsel, we mention again that an indigent convicted person intending to file a motion for post-conviction forensic DNA testing has a limited right to appointed counsel. *See Ex parte Gutierrez*, 337 S.W.3d at 889; *see also* TEX. CODE CRIM. PROC. ANN. art. 64.01(c) (stating the requirements for appointment of counsel). Further, as mentioned earlier, appointment of counsel in a Chapter 64 proceeding is determined by three criteria: (1) the defendant must inform the convicting court that he wishes to submit a motion for DNA testing; (2) the convicting court must find that "reasonable grounds" exists for filing a DNA motion; and (3) the convicting court must find that the movant is indigent. *Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010).

Though a convicted person need not prove entitlement to DNA testing as a precondition for obtaining appointed counsel, whether "reasonable grounds" exist for testing necessarily turns on what is required for testing. *Ex parte Gutierrez*, 337 S.W.3d at 891; *see Lewis*, 191 S.W.3d at 227-28. Entitlement to appointed counsel is conditioned on the trial judge's finding that "reasonable grounds" exist for the filing of a motion for post-conviction DNA testing. *See Ex parte Gutierrez*, 337 S.W.3d at 891; *see also Lewis*, 191 S.W.3d at 227-28.

As discussed above, we have concluded, like the trial court did, that Webb failed to satisfy the statutory requirements of article 64.01(b) for DNA testing of the vodka and baby bottles. Therefore, as the trial court found, Webb failed to establish "reasonable grounds" to file a motion for DNA testing on the vodka and baby bottles. *See Lewis*, 191 S.W.3d at 228-29 ("If a convicted person who bears the burden of satisfying the requirements of Chapter 64 fails to meet the preconditions to obtaining post-conviction DNA testing, he has failed to set forth reasonable grounds to file a motion and, therefore, is not entitled to the appointment of counsel."). And as such, we cannot say that Webb satisfied the statutory requirements of article 64.01(c) for the appointment of counsel. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(c). Accordingly, we conclude that the trial court did not err when, in its May 7, 2018 order, it denied Webb's request for appointed counsel. *See id.*; *see also Weems v. State*, 550 S.W.3d 776, 781 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (holding that the trial court did not err by denying a request for appointment of

counsel under Chapter 64 when the convicted person "failed to demonstrate" that "the statutory preconditions to obtaining DNA testing" were met); *In re Ludwig*, 162 S.W.3d 454, 455 (Tex. App.—Waco 2005, no pet.) (stating that, even if the convicting court determines that the convicted person is indigent, the trial court is not required to appoint counsel if it found that there were no reasonable grounds for the motion for forensic DNA testing to be filed). We overrule both of Webb's issues on appeal.

## Conclusion

We affirm the judgment of the trial court.

STEVE SMITH
Justice

Before Chief Justice Gray,
      Justice Smith, and
      Visiting Justice Wright[6]
(Chief Justice Gray concurring)
Affirmed
Opinion delivered and filed October 20, 2021
Do not publish
[CR25]



---

[6] The Honorable Jim R. Wright, Senior Chief Justice (Retired) of the Eleventh Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.